UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOVER IP, LLC and DOVER Development, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:17 CV 226 CDP ) |
| DOVER DEVELOPMENT CORPORATION, f/k/a FAMILY PRIDE CORPORATION, | ) ) ) ) |
| Defendant. | ) ) |

# **MEMORANDUM AND ORDER**

Plaintiff Dover Development, LLC, is a Missouri-headquartered company which develops and constructs senior living communities. In 2013, Dover Development registered the trademark, "Dover Development," which it assigned to plaintiff Dover IP, LLC. Plaintiffs allege defendant Dover Development Corporation, f/k/a Family Pride Corporation, has infringed upon plaintiffs' Trademark and caused confusion in Missouri's senior housing marketplace. Plaintiffs bring claims of trademark infringement and unfair competition against defendant. Defendant moves to dismiss plaintiffs' claims for lack of personal jurisdiction. Because defendant lacks sufficient minimal contacts with Missouri to satisfy due process, I will dismiss this case without prejudice.

**Legal Standards**

The party invoking jurisdiction of a federal court bears the burden to show that jurisdiction exists. *May Dept. Stores Co. v. Wilansky*, 900 F.Supp. 1154, 1159 (E.D. Mo. 1995) (citing *Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 653 (8th Cir. 1982)). To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff is only required to make a prima facie showing of personal jurisdiction over the defendant. *Digi-tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). If the district court relies on pleadings and affidavits, the court must look at the facts in the light most favorable to the party invoking personal jurisdiction, and resolve all factual conflicts in favor of that party. *Dakota Industries, Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991) (citing *Watlow Electric Mfg. Co. v. Patch Rubber Co.*, 838 F.2d 999, 1000 (8th Cir. 1988). With these standards in mind, I review the facts in this case.

**Factual Background**

Plaintiff Dover Development, LLC, an Illinois limited liability company, is a multi-state development company specializing in developing and constructing senior living communities. Plaintiff Dover IP, LLC is a Missouri limited liability company. Defendant Dover Development, f/k/a Family Pride Corporation, is a Tennessee corporation with its principal place of business in Knoxville, Tennessee.

Defendant is a real estate development company that renovates properties and converts them into senior housing.

In 2012, Dover Development started developing senior living communities under the trade name "Dover Development." In 2013, Dover Development registered the "Dover Development" trademark with the United States Patent and Trademark Office (USPTO). In 2016, Dover Development assigned the Trademark to Dover IP. Dover IP then licensed the use of the Trademark to Dover Development.

Defendant operated under the Family Pride Corporation trade name in Tennessee for over twenty years. In 2014, defendant changed its name to Dover Development Corporation by a filing with the Tennessee Secretary of State. Defendant is managed by Richard Dover and develops senior housing exclusively in Tennessee.

Plaintiff Dover IP learned of defendant's use of the "Dover Development" name when it tried to register its trade name for a web platform. Plaintiffs sent defendant a letter demanding defendant cease and desist operating under the Trademark. After receiving this letter, defendant's lawyers made a phone call to Missouri and sent an email received by plaintiffs in Missouri. Defendant continued to use the Dover Development name.

In their complaint, plaintiffs allege defendant's infringement of their

3

Trademark and trade name created confusion in the marketplace. Plaintiffs contend this confusion was caused by defendant's operation of its website, www.doverdevelopment.net. In support of their contention, plaintiffs allege a local Illinois news website, Patch.com, erroneously reported that plaintiffs renovate neglected properties. Plaintiffs assert that because they only develop new facilities, Patch.com must have made this error by consulting defendant's website. The website also states that defendant restores and renovates neglected properties.

Plaintiffs assert five counts alleging trademark infringement and unfair competition against defendant. The complaint states this Court has personal jurisdiction over defendant because defendant knowingly directed its tortious conduct to Missouri with the intent to infringe on plaintiffs' intellectual property and cause harm in Missouri. Defendant moves to dismiss this action upon the grounds that the Court lacks personal jurisdiction over defendant.

## Discussion

In order to subject a defendant to a court's personal jurisdiction, due process requires that the defendant have certain minimum contacts with the state, such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). There are two types of personal jurisdiction: general and specific. *Daimler AG v. Bauman*,

134 S.Ct. 746, 754 (2014). Here, plaintiffs assert they sued defendant in Missouri based upon a specific jurisdiction theory.[1]

Specific, or "conduct-linked," jurisdiction involves suits "arising out of or related to the defendant's contacts with the forum." *Daimler*, 134 S.Ct. at 751; *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). In *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, the Supreme Court stated that in order for a court to exercise specific jurisdiction, "the suit must aris[e] out of or relat[e] to the defendant's contacts with the forum." 137 S. Ct. 1773, 1780 (2017) (quoting *Daimler*, 134 S. Ct. at 754 (internal quotation marks omitted)). In other words, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (alterations in original)). Thus, "specific jurisdiction is

---

[1] Plaintiffs do not claim this Court has general jurisdiction over defendant. General jurisdiction is applicable where the plaintiff's cause of action does not arise out of and is not related to the defendant's contacts with the forum. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9 (1984). A court may exercise general jurisdiction only where the nonresident defendant's contacts with the forum state are "continuous and systematic." *Id.* This standard requires the plaintiff to show more than the minimum contacts required by due process to assert specific jurisdiction. *Bell v. Imperial Palace Hotel/Casino, Inc.*, 200 F. Supp. 2d 1082, 1090 (E.D. Mo. 2001). Here, it is evident defendant's lack of contacts with Missouri falls short of establishing general jurisdiction.

confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.*

Nonresidents are subject to personal jurisdiction to the extent that state law allows." *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 726 (8th Cir. 2001) (citing Fed. R. Civ. P. 4(e)). Missouri liberally construes the provisions of its long-arm statute[2] "to extend the jurisdiction of the courts of [Missouri] over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." *Clune v. Alimak AB*, 233 F.3d 538, 541 (8th Cir. 2000) (internal quotation marks omitted). Thus, this Court's inquiry into whether the assertion of personal jurisdiction over

---

[2] Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts in this state as to any cause of action arising from the doing of any of such acts:
  (1)  The transaction of any business within this state;
  (2)  The making of any contract within this state;
  (3)  The commission of a tortious act within this state;
  (4)  The ownership, use, or possession of any real estate situated in this state;
  (5)  The contracting to insure any person, property or risk located within this state at the time of contracting;
  (6)  Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child."
Mo. Rev. Stat. § 506.500.1

defendant satisfies Missouri's long-arm statute is coextensive with its inquiry into whether the assertion satisfies due process. *See Wessels, Arnold & Henderson v. National Medical Waste, Inc.*, 65 F.3d 1427, 1431 (8th Cir. 1995).

A nonresident must meet the "minimum contacts" standard before being subjected to a state's jurisdiction. *Dakota Industries*, 946 F.2d at 1389. "This requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations omitted)). The suit "must arise out of contacts that the 'defendant himself' creates with the forum State." *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014) (quoting *Burger King*, 471 U.S. at 475). Once minimum contacts have been established, the court must determine whether conferring jurisdiction is in accordance with "fair play and substantial justice." *Dakota Industries*, 946 F.2d at 1389 (citing *Burger King*, 471 U.S. at 476).

Here, the exercise of specific jurisdiction does not comport with due process as defendant lacks sufficient minimum contacts with Missouri. Defendant is a Tennessee corporation with its principal place of business and registered agent in Knoxville, Tennessee. All of defendant's projects have taken place in Tennessee. Defendant has never registered to do business in Missouri. Defendant has not provided services or sold products in Missouri. Defendant has not solicited

business from Missouri or targeted Missouri with any advertising.

Plaintiffs argue that defendant's maintenance of their website with the anticipation it will be accessed by users nationwide is a contact with Missouri. However, a passive website that merely makes information available is not grounds for the exercise of specific personal jurisdiction. *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 710 (8th Cir. 2003). Plaintiffs also contend that defendant's phone call and email responding to plaintiffs' cease-and-desist letter are relevant to my minimum contacts analysis. But, in the absence of any other contacts with Missouri, defendant's responsive legal communications do not suffice to confer this Court with personal jurisdiction. *See BIB Mfg. Co. v. Dover Mfg. Co.*, 804 F. Supp. 1129, 1133 (E.D. Mo. 1992) (concluding that cease-and-desist letters as well as settlement efforts standing on their own were insufficient to confer personal jurisdiction over the defendant). Plaintiffs fail to establish the suit arises out or relates to defendant's contacts with the forum.

Despite defendant's lack of contacts with Missouri, plaintiffs assert Missouri has jurisdiction over defendant consistent with due process pursuant to the "effects test" of *Calder v. Jones*, 465 U.S. 783, 789-90 (1984). Under the *Calder* effects test,

> a defendant's tortious acts can serve as a source of personal jurisdiction only where the plaintiff makes a prima facie showing that the defendant's acts (1) were intentional, (2) were uniquely or

expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered—and which the defendant knew was likely to be suffered—[in the forum state].

*Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010).

Plaintiffs claim the first two elements are satisfied as defendant intentionally adopted plaintiffs' trade name to usurp plaintiffs' nationwide reputation. In support of this assertion, plaintiffs suggest defendant could have discovered the existence of the Trademark by searching the USPTO's database prior to changing its name to Dover Development. However, this speculative statement is insufficient to establish that defendant intentionally targeted *Missouri*. Moreover, defendant reasonably maintains its name change was prompted by the name of its manager – Richard Dover.

In addition, while plaintiffs contend an "effect" of defendant's alleged infringement was "actual confusion within the senior living real estate development community in Missouri," the only instance of confusion noted by plaintiffs was linked to a website in Illinois. (ECF No. 1 at ¶ 5). Plaintiffs' connection to Missouri cannot provide the only link between the forum and the defendant's alleged tortious conduct. *See Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 823 (8th Cir. 2014) (citing *Walden,* 134 S.Ct. at 1125). Because plaintiffs have failed to assert facts showing any conduct by defendant expressly

aimed at Missouri, I find plaintiffs have failed to make a prima facie of personal jurisdiction under the *Calder* effects test.

It is clear that the cited activities are not sufficient to surmount the due-process threshold. Under the facts alleged here, defendant does not have sufficient contacts with Missouri to justify suit to proceed against it, so I will grant defendant's motion to dismiss for lack of personal jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [17] is granted and this case is dismissed without prejudice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of September, 2017.